IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-220-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATION AND |
| v. ) | PROTECTIVE ORDER REGARDING |
| ) | DISCLOSURE OF CONFIDENTIAL |
| WILLIAM I. COCHRAN, III; ) | MATERIAL |
| WRC, LLC; ) | |
| EKP, LLC; ) | Fed. R. Civ. P. 26(c) |
| And EMLAN PROPERTIES, LLC, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION

Plaintiff United States of America and Defendants William I. Cochran III, WRC, LLC, EKP, LLC, and EmLan Properties, LLC (hereinafter "the parties") have stipulated that discovery in this action will involve the exchange of sensitive materials, including documents that include personally identifiable information such as social security numbers, dates of birth, and home addresses, financial information including tax returns, and other information of a private nature. The parties intend that certain private information be kept confidential pursuant to the terms of this Stipulation and Protective Order. The substance of materials and information subject to this Stipulation and Protective Order shall not be distributed or otherwise disclosed except as provided herein.

### I. Scope of this Stipulation and Order

1. For purposes of this Stipulation and Protective Order, the term "Confidential Material" refers to any document, tangible thing, testimony, or item, collection, or grouping of

information, or any other material disclosed, or to be disclosed, through formal or informal discovery or otherwise in the course of this litigation, that contains:

    (a)  personal identifiers, including, but not limited to, social security numbers, taxpayer identification numbers, birth dates, the names of individuals know to be minors, financial account numbers, fingerprints, voiceprints, symbols, or photographs; or

    (b)  income tax returns, profit and loss statements, or other personal or corporate financial records; or

    (c)  the current home or cellular telephone number(s) or home address of any party, witness, or potential witness in this action; or

    (d) information relating to an individual's education, financial transactions, medical history, or criminal or employment history.

See Fed. R. Civ. P. 5.2(a); Privacy Act of 1974, 5 U.S.C. §552a(4).

2. This Stipulation and Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of information that is beyond the scope of this Stipulation and Protective Order.

3. This Stipulation and Protective Order does not constitute a ruling on the question of whether any particular Confidential Material is properly discoverable, relevant, admissible, or protected by a claim of privilege or other basis of exclusion and does not constitute a ruling on any potential objection to the discoverability, relevance, admissibility, or claim of privilege or other basis of exclusion of any particular Confidential Material.

## II. Treatment and Disclosure of Confidential Material

4. The parties shall mark Confidential Material with the designation, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." For any Confidential Material, such as computer

data, the medium of which makes marking individual items impracticable, the parties shall mark the diskette, case, and/or an accompanying cover letter as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The parties shall also mark as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" any disclosures pursuant to Federal Rule of Civil Procedure 26, answers to interrogatories, and other responses to discovery requests that contain protected information derived from Confidential Material, and such disclosures, answers, and/or responses shall be subject to the limitations on the use of Confidential Material as set forth herein.

5. The parties shall not disclose Confidential Information or any portion thereof to any other person or entity, except as provided in paragraph six (6), below. The parties and any other persons or entities to whom Confidential Material is disclosed under this Stipulation and Order shall use such Confidential Material only for purposes relating to the litigation of this action, including any subsequent appeals.

6. Except as otherwise ordered by this Court, or otherwise agreed upon in writing by all parties, any Confidential Material may be disclosed only to the following persons:

    (a) parties and counsel for the parties in this action;

    (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in this action;

    (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

    (d) persons with factual knowledge relating to this action who may testify as witnesses at any hearing or deposition, including individuals identified by the United States as aggrieved persons in this action, to the extent reasonably necessary to obtain information or

evidence within the scope and limitations of discovery under Federal Rule of Civil Procedure 26(b);

    (e) custodians of records, to the extent reasonably necessary to obtain information or evidence within the scope and limitations of discovery under Federal Rule of Civil Procedure 26(b);

    (f) any deponent in this action during his or her deposition; and

    (g) court reporters and videographers privately retained to take depositions.

7. Any person disclosing Confidential Information to any other person under the terms of this Stipulation and Protective Order shall, prior to such disclosure, advise the receiving person of the terms of this Order.

8. No summary or copy of any Confidential Material shall be made by any person, other than at the express direction of a party to this action or that party's counsel. Any such summary or copy shall be subject to the terms of this Stipulation and Protective Order to the same extent as the information from which summary or copy is made.

9. Unless otherwise ordered by this Court for good cause shown, no party may disclose un-redacted Confidential Material:

    (a) in open court or at trial, either orally or through the submission of documents or other exhibits; or

    (b) in or as part of a pleading, motion, exhibit, expert report, or other public filing, unless the party first obtains the Court's permission prospectively to make the filing under seal.

10. Each party reserves the right to move to modify the terms of this Stipulation and Protective Order and to oppose any motion to modify the terms of this Stipulation and Protective

Order, provided that counsel must confer in advance of filing such motion. If any party seeks the agreement in writing of all parties to disclose Confidential Material to a person other than those categories of persons listed in paragraph 6, subparagraphs (a) through (g), above, the party seeking to make the disclosure may, after conferring with counsel, move the Court to order such disclosure in accordance with the Court's Scheduling Order in this matter.

11. During all depositions, hearings, trials or other proceedings held in connection with this action, the parties or their counsel shall designate as confidential any testimony that is then known to contain Confidential Material, or, if the testimony is not so designated during the proceedings, the parties or their counsel shall so designate such testimony by transcript page number within fourteen (14) days after receipt of the transcript of the proceedings. Such designated pages shall be separately bound and the cover page shall bear the legend:

> CONFIDENTIAL – THIS PORTION OF THIS TRANSCRIPT CONTAINS INFORMATION THAT HAS BEEN DESIGNATED CONFIDENTIAL MATERIAL UNDER THE STIPULATION AND PROTECTIVE ORDER IN THIS ACTION.

### III. Destruction of Confidential Material at the Conclusion of Litigation

12. The parties and other individuals receiving Confidential Material under this Stipulation and Protective Order shall redact, destroy, or obliterate all Confidential Material, including all summaries and/or copies thereof produced or created in connection with this action, upon its conclusion, including any subsequent appeals. Within thirty (30) days of the conclusion of this action and any subsequent appeals, the parties and other individuals receiving Confidential Material under this Stipulation and Protective Order must certify in writing to the parties or their counsel that all protected materials, and all summaries or copies thereof, have been redacted, destroyed, or obliterated, provided, however, that no party is required to redact, destroy or obliterate any document or copy thereof that has been filed publically with this Court

or with a court of appeals of competent jurisdiction in connection with this action, except to the same degree as was required before filing.

## IV. Unauthorized Disclosure

13. Neither the United States, the U.S. Department of Justice, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents, or of any information contained in such documents, that are obtained by the defendants or their counsel under this Stipulation and Protective Order.

## V. Procedure for Filing Confidential Documents

14. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things, and/or information, or portions thereof, of which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and,

(e) whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

# **ORDER**

Upon consideration of the Parties' Joint Motion for Entry of a Stipulation and Protective Order Regarding Disclosure of Confidential Material, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that the parties will exchange Confidential Material subject to the terms and limitations specified in the attached Stipulation, and

IT IS FURTHER ORDERED that pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), the United States is authorized to release Records containing Privacy Act-protected information, without obtaining prior written consent of the individuals to whom the Records pertain, pursuant to the terms specified in the attached Stipulation.

IT IS SO ORDERED this  22nd   day of   February        , 2013.

LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE