IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-000220-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIAM I. COCHRAN, III; WRC, ) | |
| LLC; EKP, LLC; and EMLAN ) | |
| PROPERTIES, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on plaintiff's motion for leave to file a reply to defendants' stated opposition to motion for a court order directing compliance with subpoenas, and its underlying motion.

In support of the motion for leave, plaintiff urges need to clarify its position. For the reason stated, the motion is allowed. Plaintiff is directed now to file separately its reply. As noted, plaintiff withdraws its subpoena issued to the Craven County Department of Social services ("CCDSS") because there are no responsive records, as shown by the production made to defendants.

At issue is the separate subpoena issued to the Beaufort County Department of Social Services ("BCDSS"), which the plaintiff offers now to modify to require only responsive documents containing reporter identities. Defendants' opposition is founded on public policy also as articulated by a representative of the BCDSS in discussion with defendants' counsel. Plaintiff's subsequent discussion with that representative illuminated a more nuanced position. Defendants urge there is

no need for any revelation of identities. Should the court disagree, in the alternative defendants urge confidentiality of persons' names who are not associated with defendants, and that BCDSS only be required to reveal a reporter's name if it is William Cochran, III, or an immediate family member (William Cochran, Jr., Cindy Cochran, Richard Cochran, Debbie Cochran, or Kyle Cochran). Defendants suggest plaintiff is displaying a lack of concern about the privacy and safety of persons for whom it claims to speak in making this disclosure request.

Plaintiff, in its reply, argues simply against the limitations promoted by defendants. Plaintiff seeks to avoid any narrowing of its request, where disclosure of identities may lead it to the discovery of admissible evidence. Underlying this request appears some thought by plaintiff that a defendant or a representative thereof has had some involvement in a protective services issue involving one or more of its witnesses and that it ought to be able to discover that information. In its discretion, finding requisite cause to permit this request, a subpoena, reformed as herein discussed, may issue, and the court does order the BCDSS to respond. Before its service on BCDSS, plaintiff shall tender the new subpoena to defendants for inspection and provide, as defendants have done, copies of responsive information received from BCDSS to defendants.[1]

SO ORDERED, this the 5th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[1] As such, the earlier subpoena directed to BCDSS is ordered withdrawn.

2