IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:12-cv-00220-FL

| | |
|---|---|
| UNITED STATES OF AMERICA; ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT ORDER** |
| ) | **TO** |
| WILLIAM I. COCHRAN, III; ) | **MODIFY SUBPOENA** |
| WRC, LLC; EKP, LLC; and ) | |
| EMLAN PROPERTIES, LLC; ) | |
| Defendants. ) | |

THIS MATTER coming before this Court upon City of Greenville, Greenville Police Department's Motion to Quash Subpoena and for Protective Order, and counsel for Defendants and counsel for City of Greenville, Greenville Police Department ("Greenville PD") having conferred in connection therewith, and said counsel having reached agreement as to the production of documents in response to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Greenville PD Subpoena"), which issued on August 8, 2013; now, therefore, it is

ORDERED, that the Greenville PD Subpoena is modified as follows:

1. The Greenville PD Subpoena shall direct only the production of documents related to events occurring during or after the year 2000; and

2. The Greenville PD Subpoena shall direct the production of only non-traffic-related incidents.

3. The Greenville PD Subpoena shall direct the production of documents related only to the persons identified in the Amended Attachment A.

1

4.  Defendants shall pay to the City of Greenville, immediately upon production of the subpoenaed documents, the sum of Fifty and no/100 Dollars ($50.00) to offset the costs associated with said production; and

5.  Upon Greenville PD's production of the requested documents, the Greenville PD Subpoena shall have no further force or effect, and Greenville PD shall have no further obligation to Defendants in connection therewith.

This the __30th__ day of August, 2013.

_____
U. S. District Court Judge Presiding

Consented to this 23rd day of August, 2013:

/s/ William J. Little, III
William J. Little, III
Assistant City Attorney
City of Greenville
P. O. Box 7207
Greenville, NC  27835-7207
Telephone (252) 329-4426
Fax (252) 329-4642
blittle@greenvillenc.gov
N. C. Bar No. 7860
*Counsel for Non-Party City of Greenville,*
*Greenville Police Department*


Consented to this 23rd day of August, 2013:

McLAWHORN & ASSOCIATES, P.A.

By:  /s/ Serenity S. Rasmussen
     Serenity S. Rasmussen
     P. O. Box 8188
     Greenville, NC  27835-8188
     Telephone (252) 321-0473
     Fax (252) 321-0482
     srasmussen@mclawhornlaw.com
     N. C. Bar No. 44730
     *Counsel for Defendants*

# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. NO. 4:12-CV-220-FL |
| William I. Cochran, III, WRC, LLC, EKP, LLC, and EmLan Properties, LLC | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Attn: Records Keeper, Greenville Police Department, 500 S. Greene Street, Greenville, NC 27834

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: McLawhorn & Associates<br>501 Greenville Blvd. SE<br>Greenville, NC 27858 | Date and Time:<br>08/30/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/09/2013

*CLERK OF COURT*

OR

_____   /s/ Serenity S. Rasmussen
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendants , who issues or requests this subpoena, are:

Serenity S. Rasmussen, McLawhorn & Associates, 501 Greenville Blvd. SE, PO Box 8188, Greenville, NC 27858; 252-321-0473; srasmussen@mclawhornlaw.com.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. NO. 4:12-CV-220-FL

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Amended Attachment A

Please provide complete, unredacted records relating to calls for service or criminal charges (not including misdemeanor motor vehicle violations) relating to the following persons since January 1, 2000:

- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 
- 

If the same incident report relates to more than one of the above identified persons or addresses, only one copy of the report need be provided.

Please contact me, Serenity S. Rasmussen, at 252-321-0473 with any questions or concerns.

Thank you in advance for your assistance in this matter.

Amended Attachment A