IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-220-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| WILLIAM I. COCHRAN, III; WRC, ) | |
| LLC; EKP, LLC; EMLAN ) | |
| PROPERTIES, LLC; and RICHARD A. ) | |
| COCHRAN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion to reconsider the court's October 26, 2015, order denying attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, United States v. Cochran, No. 4:12-CV-220-FL, 2015 WL 6455307 (E.D.N.C. Oct. 26, 2015). (DE 252). The issues raised have been briefed fully and are ripe for ruling. For the reasons that follow, defendants' motion to reconsider is denied.

**BACKGROUND**

The government commenced this action in September 2012, asserting against defendant William I. Cochran III ("Cochran"), as well as various business entities allegedly under his control, a single claim under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–19. The government sought damages on behalf of certain "aggrieved persons" who allegedly were injured by defendants' discriminatory conduct.

In February 2013, defendants filed a motion to dismiss for failure to state a claim, which the court denied in May 2013. In August 2013, the government, with leave of court, filed amended complaint, adding as defendant Richard Cochran. On January 14, 2014, defendants moved for summary judgment. Later, on February 13, 2014, defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11. On August 13, 2014, the court denied defendants' motion for summary judgment as well as defendants' motion for sanctions. This matter then was scheduled for a bifurcated jury trial.

Trial commenced on January 13, 2015, lasting up to and including January 29, 2015. At the conclusion of the government's case in chief on the issue of liability, on January 20, 2015, defendants moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a). The court took the matter under advisement, and denied defendants' motion on January 23, 2015. On January 27, 2015, at the conclusion of their evidence, as well as the government's rebuttal case, defendants renewed their motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b). The court deferred ruling on the motion and submitted the case to the jury. On January 29, 2015, the jury returned a unanimous verdict of no liability.

On February 10, 2015, the court entered judgment in favor of defendants. On May 11, 2015, defendants filed a motion for costs, fees, and expenses under the EAJA, seeking a total of $792,025.99. On May 12, defendants withdrew their first motion and filed two separate motions for 1) attorney's fees and expenses and 2) costs. Defendants' motion for attorney's fees and expenses requested $714,535.50 as attorney's fees and $60,755.97 as expenses. Defendants' motion for costs sought $16,733.52 as taxable costs. On May 22, 2015, the government filed a motion to disallow costs, arguing that defendants' motion was untimely. Later, on June 16, 2015, defendants updated

the amount requested as attorney's fees, increasing the requested amount to $727,046.50, which brought the total amount sought to $804,535.99.

On October 26, 2015, the court entered order denying defendants' motion for fees and expenses and defendants' motion for costs. The court also granted the government's motion for disallowance of cost. In its order, and in accord with the EAJA's governing standard, the court concluded that the government had demonstrated that its case was substantially justified in both law and fact. In particular, the court looked to several "objective indicia" of reasonableness, including its prior orders denying defendants' motion to dismiss, motion for summary judgment, motion for sanctions, and motion for judgment as a matter of law. In addition, the court examined the evidence presented at trial.

On November 23, 2015, defendants timely filed the instant motion for reconsideration.

**COURT'S DISCUSSION**

A.  Standard of Review

An order denying attorney's fees, which also is collateral to the merits of a case, is a final, appealable order. See Bernstein *ex rel.* Bernstein v. Menard, 728 F.2d 252, 253 (4th Cir. 1984). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding" on "just terms" where certain conditions are met. Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the order set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied

3

"one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Rule 60(b)'s six enumerated grounds for relief include: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge of a judgment; or 6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

B.  Analysis

Defendants' motion for reconsideration must be denied because they cannot establish the existence of a meritorious claim for attorney's fees. Defendants argue that the court misapplied the EAJA's "substantial justification" standard where it did not explicitly consider the reasonableness of the government's pre-litigation position, but, instead, considered only "the Court's own rulings on dispositive motions and a summary of the testimony offered at trial." (Def.'s Br., DE 253, 3). Defendants argue that the court should have addressed specifically alleged defects in the government's investigation of the alleged aggrieved persons' claims against Cochran. Many of the arguments raised, however, are attempts to reargue issues already decided in the court's October 26, 2015, order. And the court, thus, rests on its prior analysis of such issues.

For example, defendants attempt to impeach the credibility of aggrieved person Josette Cruz by arguing that her trial testimony with respect to her July 2007 eviction contradicts what she told the government before it filed suit and is "plainly perjurious." (Def.'s Br., 3). However, the court already rejected as an issue of credibility properly reserved for the jury the "perjurious" nature of Cruz's testimony. See United States v. Cochran, 39 F. Supp. 3d 719, 736 (E.D.N.C. 2014). Moreover, defendants overlook the purpose for which Cruz's testimony was offered, which was substantially unrelated to her July 2007 eviction. See EEOC v. Clay Printing Co., 13 F.3d 813,

4

815–16 (4th Cir. 1994) ("Why a decision on the merits was made can be of particular importance."). In particular, defendants' argument overlooks the fact that Cruz's testimony was offered to establish that Cochran delayed in providing services to Cruz that were timely provided to white tenants. See Cochran, 39 F. Supp. 3d at 726–27 (discussing Cruz's relevant testimony).

As an additional example, defendants point to the government's "inability to present statistical analysis revealing a disparity in response to maintenance complaints by African American tenants." (Def.'s Br, 4). In its order on summary judgment, the court rejected the use of statistical modeling as an absolute requirement to establish liability under the pattern or practice theory. Cochran, 39 F. Supp. 3d at 730–31, 735–36 (citing EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1188 (4th Cir. 1981)); see also 42 U.S.C. § 3614; United States v. Gregory, 871 F.2d 1239, 1243 & n.12 (4th Cir. 1989).

The court writes separately to address the reasonableness of the government's pre-suit investigation. Defendants contend the court failed entirely to consider in its order the government's pre-litigation position. The court, however, previously considered the totality of the evidence presented both at summary judgment and at trial. See Cochran, 2015 WL 6455307, at *5–7. In doing so, the court necessarily considered the strength, as well as reasonableness of, the government's pre-suit inquiry, in light of the best evidence produced by defendants. As the court observed in its earlier order, "review of the evidence presented at trial confirms that the government had a reasonable basis in both law and fact to proceed through trial to verdict." Id. at *6. The same evidence demonstrates that the government had substantial justification in commencing litigation.

The court is mindful that an unreasonable pre-suit position can weigh heavily in favor of an award of attorney's fees where the unreasonable position "force[s]" or "substantially alter[s] the

5

course of the litigation." United States v. 515 Granby, LLC, 736 F.3d 309, 316–17 (4th Cir. 2013). Several courts have considered an award of attorney's fees under the EAJA in circumstances where the prosecuting agency arguably failed to perform a reasonable pre-suit investigation, thus conceivably rendering the prosecuting agency's case without a basis in fact. See, e.g., Phil Smidt & Son v. NLRB, 810 F.2d 638 (7th Cir. 1987); Natchez Coca-Cola Bottling Co. v. NLRB, 750 F.2d 1350 (5th Cir. 1985). In Phil Smidt, for example, the Seventh Circuit awarded attorney's fees where the NLRB's General Counsel performed a deficient pre-suit investigation. 810 F.2d at 643. However, the award was made in the face of particularly egregious circumstances; the agency, in backpay litigation, failed to corroborate its only witness' testimony with objective, documentary evidence that flatly contradicted the witness' assertion that she had no income during the period that was the subject of the suit. Id. at 642–43. By contrast, here, there is no documentary evidence contradicting a central tenet of the government's case. Rather, as has been made clear, this case turned largely on determinations of credibility.

This case also is unlike the other cases cited by defendants, such as Wilfong v. United States, 991 F.2d 359 (7th Cir. 1993). In dicta, the court of appeals observed that surviving a motion for directed verdict does not necessarily shield the plaintiff from liability for attorney's fees if the case is grounded "on inherently incredible or perjured testimony." Id. at 369 n.13. As explained above, with respect to Cruz's testimony, under the circumstances of this case it does not appear that any of the government's evidence was "incredible" or "perjured" in a way that would justify an award of fees.

Finally, this case is unlike Introcaso v. Cunningham, 857 F.2d 965 (4th Cir. 1988). In Introcaso, the court of appeals upheld a district court's award of fees to prevailing defendants after

6

a jury trial on the plaintiff's First Amendment wrongful discharge claim.  In finding no abuse of discretion, the court noted that, because of a contemporaneous state administrative action, the plaintiff was "fully aware" of evidence supporting his discharge.  Id. at 968.  In addition, the court noted the dearth of positive evidence supporting the plaintiff's claim.  See id. at 969.  Here, although a prior state investigation discrediting Cruz's claims arguably undermines the government's reliance on Cruz, the government was not "fully aware" of the weaknesses in its case.  To the contrary, the government presented relevant testimony from 15 additional aggrieved persons, each of whom had not had their claims discredited by the state.  In any event, to go beyond a surface-level evaluation of the government's case for factual reasonableness would be to announce a rule imposing intolerable standards on all government investigations.  For the court to dictate the terms of an investigation, to impose requirements as to with whom the government must speak and the nature of documentary evidence the government must produce, as defendants here suggest, may well violate constitutional separation of powers principles.  See Smith v. Meese, 821 F.2d 1484, 1492–93 (11th Cir. 1987).

In sum, the court need not consider anew defendants' arguments advanced in favor of reconsideration.  The court previously has considered the government's position in both its investigation and litigation and has found that position to be reasonable.  Its reasonableness is underscored by the court's prior order indicating defendants' renewed motion for judgment as a matter of law properly was denied.  See Cochran, 2015 WL 6455307, at *6; see also EEOC v. Great Steaks, Inc., 667 F.3d 510, 518 (4th Cir. 2012) ("[T]he denial of a motion for judgment as a matter of law made at the close of all evidence is a particularly strong indicator that the plaintiff's case is not . . . unreasonable.").

## CONCLUSION

Based on the foregoing, defendants' motion for reconsideration (DE 252) is DENIED.

SO ORDERED, this the 3rd day of March, 2016.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

8

Case 4:12-cv-00220-FL   Document 255   Filed 03/03/16   Page 8 of 8